IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





NO. WR-13,522-05






LARRY FLORES, Relator


v.


HARRIS COUNTY DISTRICT CLERK, Respondent






ON APPLICATION FOR A WRIT OF MANDAMUS

CAUSE NO. 296563 IN THE 184th JUDICIAL DISTRICT COURT

FROM HARRIS COUNTY





 Per curiam.


O R D E R




 Relator filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. In it, he contends that he filed an application for a writ of habeas corpus
in the 184th Judicial District Court of Harris County, that more than 35 days have elapsed, and that
the application has not yet been forwarded to this Court. 

 On November 5, 2008, this Court held the writ in abeyance and ordered the Harris County
District Clerk to respond by submitting the record on such habeas corpus application; submitting a
copy of a timely filed order which designates issues to be investigated, see McCree v. Hampton, 824
S.W.2d 578 (Tex. Crim. App. 1992); stating that the nature of the claims asserted in the application
filed by Relator is such that the claims are not cognizable under Tex. Code Crim. Proc. art 11.07,
§ 3; or stating that Relator has not filed an application for habeas corpus in Harris County. 

 On November 18, 2008, this Court received a response from the Harris County District Clerk. 
That response included a copy of the habeas corpus application filed by Relator on August 8, 2008. 
Because Relator stated in the cover letter for the writ that the writ pertained to cause number 296563-A, rather than cause number 296563, the district clerk treated the writ as a supplement to Relator's
previous habeas writ, which this Court dismissed on May 21, 2008. Relator's use of the "A"
designation was erroneous, but such a typographical error should not prevent his new writ of habeas
corpus from being processed and forwarded as a separate writ. 

 The respondent, the District Clerk of Harris County, is ordered to file Relator's August 8,
2008, habeas application as a separate writ, serve it on the State, and process the writ accordingly. 
This application for leave to file a writ of mandamus shall continue to be held in abeyance until the
respondent has submitted the appropriate response. Such response shall be submitted within 35 days
of the date of this order.



Filed: December 10, 2008

Do not publish